JAMES W. STILLMAN, Appellant, *vs.* JOSEPH C. MOORE, Admr., *d. b. n.*

JOHN W. SWEENEY, Appellant, *vs.* SAME.

JANUARY 31, 1908.

PRESENT: Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1) *Probate Law. Amending Account in Superior Court.*

On an appeal from decree of a Probate Court allowing a final account, on the day of the trial in the Superior Court the administrator was permitted by the court to file an amended account which contained items, the omission of which were stated by appellant among his reasons of appeal. Appellant did not consent to or have notice of the filing of the amended account.

*Held*, that C. & P. A., § 803, authorizing the Superior Court on a probate appeal to allow amendments to be made in the papers filed in the case, to supply any deficiency or correct errors therein, did not give the court power to amend, before hearing and without consent of parties, the account allowed by the decree appealed from. To do so would change the subject-matter of the appeal, which was the account allowed by the Probate Court.

(2) *New Trial. Relief in Supreme Court.*

C. & P. A., § 2, confers upon the Supreme Court general supervision of all courts of inferior jurisdiction to correct and prevent errors and abuses therein, when no other remedy is expressly provided.

By section 472 a party in any action in the Superior Court in which a trial has been had which was not full, fair, and impartial, may within a year after decision petition the Supreme Court for a new trial.

Petitioner proceeded under C. & P. A., § 473, for leave to file a petition for a new trial in the Superior Court, on the ground of new and material evidence, after decision by said court in a probate appeal:—

*Held*, that, it appearing that petitioner did not have a full, fair, and impartial trial in the Superior Court, the petition might be treated as one for relief under section 472; but as such relief would not meet the requirements of the case, the court would exercise its power under section 2, and order the decree entered by the Superior Court vacated and the entry of a new decree therein.

PROBATE APPEAL.    Heard on petition for relief and granted.

PER CURIAM.    From the record it appears that on the
18th day of September, 1906, a decree was entered, in the
Probate Court of the town of Westerly, allowing the first and
final account of Joseph C. Moore, administrator *d. b. n.* of the
estate of Harriet M. Utter of the town of Westerly, deceased;
that by said decree said account was allowed as presented,
except as to two items, viz.: a charge of John W. Sweeney,
attorney, for $100, which was disallowed; and a charge of
Joseph C. Moore for services as administrator, which was re-
duced from $500 to $300.    From this decree Joseph C. Moore,
administrator, John W. Sweeney, and James W. Stillman
severally appealed to the Superior Court in Washington county.

Said James W. Stillman in his reasons of appeal sets forth
as grounds, *inter alia*, that said decree is against the law; that
the court erred in refusing to charge the administrator with
interest on the entire amount of funds in his hands, on account
of unnecessary delay in the settlement of the estate; that the
court erred in allowing any compensation whatever to the ad-
ministrator for services, he being a stranger, while the appellant
is next of kin; that the court erred in allowing the said account,
for the reason that it does not indicate the income of the es-
tate or the interest accruing thereon, or the gains or losses
from the sale of personal property, and does not show what in-
vestments have been made by the administrator.

By agreement of parties, filed in the Superior Court Novem-
ber 23, 1906, said appeals were consolidated.    Jury trial hav-
ing been waived by the parties, the appeals were tried before a
justice of said court on the 14th and 15th days of January,
1907.    On the first day, before the beginning of the trial, the
administrator was permitted by the court to file an amended
account.    Said amended account differed from the account
allowed by the decree appealed from in that it stated the
amount of personal property according to inventory; and a
gain of $1,170 from sale of thirty-nine shares of the capital
stock of the National Niantic Bank appraised at $3,900, and

sold for $5,070; also a loss of $339.59 on note of Isaac Bent, appraised at $1,832.47, on which but $1,492.78 was realized.

There was also on the back of the amended account a statement of the investments which had been made by the administrator.

The court, on January 15, 1907, entered a decision allowing the charge of John W. Sweeney for services as attorney in the sum of $100, and the charge of Joseph C. Moore for services as administrator *d. b. n.* in the sum of $500 and allowing the amended final account of the administrator presented at the hearing. And on November 19, 1907, the court entered a final decree in and by which it was ordered, adjudged, and decreed "that so much of the decree of the Probate Court of the town of Westerly, in said county, made and entered on the 18th day of September, A. D. 1906, whereby said court disallowed the charge of John W. Sweeney, as attorney, amounting to $100.00, and reduced the charge of said Joseph C. Moore for his services as such administrator from $500 to $300 is reversed, and the amended account of said Joseph C. Moore as such administrator presented to this court is allowed and ordered to be recorded."

Said James W. Stillman, on the 21st day of November, 1907, filed in this court, under § 473, C. & P. A., a petition for leave to file in the Superior Court a motion for a new trial on the ground that he had discovered new and material evidence, which he alleged could not have been discovered before said trial. He alleges that at said trial there was no evidence to show that any loans of the funds of the estate had been made by said administrator, or that any deposit thereof in any bank or trust company had been made; that the final account did not indicate that certain loans and a deposit thereof had been made by him. He further alleges that on the 14th day of March, 1907, he received from the clerk of the Superior Court of Washington county the following letter:

"NARRAGANSETT PIER, R. I., March 13th, 1907.

"JAMES W. STILLMAN, ESQ.,

"*Providence, R. I.*

"DEAR SIR:—I find on the back of the amended account of the administrator, the following:

"The balance of the account is invested as follows:—

| | | |
|---|---:|---:|
| "Note of Frank Murano | $1,350 | 00 |
| "Note of Annie S. Burnet | 2,000 | 00 |
| "Note of Annie S. Burnet | 1,200 | 00 |
| "Note of Elizabeth W. Burnap | 500 | 00 |
| "Cash in Washington Trust Co | 980 | 83 |

"$6,030 83·

" 'JOSEPH C. MOORE,

" '*Administrator, de bonis non.*'

"Yours very truly,

"W. HERBERT CASWELL.

He alleges that he had never been able to ascertain the dates of the said loans or the security therefor, or the date of said deposit; that he had no reason to suspect that either of them had been made; and that he could not have discovered these facts before said trial. He has filed his affidavit in support of said statements.

As the trial was finished and the decision entered on January 15, 1907, and he did not, as he states, discover any of the new evidence upon which he relies before March 14, 1907, the time had then expired within which he could file a motion for a new trial in the Superior Court.

(1) The appeal was from the decree of the Probate Court allowing the first and final account. The statements of gain and loss on the inventory and the list of investments were contained in the amended account filed in the Superior Court. Said Stillman had stated the omission of said items as reasons of appeal. It does not appear that he consented to the filing of or had notice of the amended account which contained these items. The subject-matter of the appeal from the decree of

the Probate Court was the account allowed by said decree. The filing of a different account by permission of the Superior Court could not affect the account in controversy. The appellant Stillman could not be well expected to apprehend such action, and look through the papers of the case to find stated on some other paper the items for the omission of which he had appealed.

By § 803, C. & P. A., the Superior Court, on a probate appeal, "may allow amendments to be made in the papers filed in the case, to supply any deficiency or correct errors therein, upon such terms as it may deem proper." This section does not, however, give the court power to amend before hearing, and without the consent of parties, the account allowed by the decree appealed from. That would be to change the subject-matter of the appeal. After hearing, the court may affirm or reverse the decree in whole or in part, as, on the evidence, justice may require.

In fact, the court does not appear to have treated the original account as entirely superseded by the amended account, as it only decreed, as to that account, "that so much of the decree of the Probate Court of Westerly, in said county, made and entered on the 18th day of September, A. D. 1906, whereby said court disallowed the charge of John W. Sweeney as attorney, amounting to $100.00, and reduced the charge of said Joseph C. Moore from $500 to $300 is reversed," and then proceeded to allow the amended account and order it to be recorded, thus leaving standing in the Probate Court the original account as it was before the charge of said John W. Sweeney was disallowed and the charge of said Joseph C. Moore was reduced, and showing a balance of $6,030.83 in the hands of said administrator, and ordering that the amended account be also recorded in said Probate Court, said last mentioned account also showing a like balance of $6,030.83 in his hands, so that in the Probate Court he would apparently stand charged, on the two accounts together, with the sum of $12,061.86.

Said Stillman in his reasons of appeal claimed that because of the omission from the account of the statements of the gain or loss on inventory, and of the investments made, the

administrator was not entitled to compensation for his services. He argues that the alleged newly discovered evidence is material upon that point, and that it would be likely to change the result upon a new trial.

We think that the evidence which he sets forth as newly discovered is material upon that issue, and that it would be likely to change the result upon a new trial. The respondent argues that the evidence could have been discovered at the time of the trial. It is true that an examination of the amended account filed at the trial would have disclosed the changes from the original account; but, as we have said, the petitioner, could not be expected to apprehend the filing of such an account and look through the papers in the case to find stated on some other paper the items which had been omitted from the original account.

(2)    In this proceeding, however, the whole record of the case is before us, having been submitted by said Stillman in support of his petition, and an examination of said record shows that the case was tried and decided, not upon the account allowed by the decree appealed from, but upon an amended account filed by the permission of the Superior Court at the time of the trial, which amended account contained the statements of gain and loss on inventory and a statement of the investments made by the administrator. The result was an entire failure to try the case presented on the appeal.

By § 2, C. & P. A., this court has general supervision of all courts of inferior jurisdiction, to correct and prevent errors and abuses therein when no other remedy is expressly provided.

By § 472, C. & P. A.: "A party or garnishee in any action or proceeding in the Superior Court in which a trial has been had which was not full, fair, and impartial, may at any time within one year after verdict or decision petition the Supreme Court for a new trial; the Supreme Court may, with or without terms, order a new trial in the Superior Court."

The petitioner has proceeded under § 473, C. & P. A. But whether or not the case stated by him is sufficient to justify the granting of his petition for leave to file in the Superior

Court a motion for a new trial on the ground of newly discovered evidence, it is clear that he did not have a full, fair, and impartial trial in the Superior Court. The petition could therefore be treated as one for relief, under § 472, C. & P. A. We do not think, however, that the relief given by said section would meet the requirements of the case. The original account was not a proper account, in that it did not charge the administrator with the amount of the inventory and the gain thereon; did not credit him with the loss on the same; and did not show the investment of the balance of the account as required by law. A new trial in the Superior Court, therefore, would result in a prolongation of litigation without doing full justice to the parties. We think the case presented is one calling for the exercise of the power of the court under § 2, C. & P. A.

It is therefore ordered that the decree entered by the Superior Court, November 19, 1907, be vacated, and the Superior Court will reverse the decree appealed from to the end that an account in proper form may be newly filed in the Probate Court and proceedings be taken thereupon according to law.

*James W. Stillman,* for himself.

*John W. Sweeney,* for the administrator, and for himself.